IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce and Cynthia Warren, | No. CV10-2095-PHX-NVW |
| Plaintiffs, | **ORDER AND OPINION** |
| vs. | Re: Motions at Docs. 14 and 16 |
| Sierra Pacific Mortgage Services Incorporated FN, *et al.*, | |
| Defendant. | |

Before the Court is Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and Citi Mortgage, Inc.'s Motion to Dismiss with Prejudice (Doc. 14) and Motion for Summary Disposition. (Doc. 16.) For the reasons stated below, Defendants' motion to dismiss will be granted. Defendants' motion for summary disposition will be denied as moot.

**I.  Background**

On November 5, 2008, Plaintiffs executed a promissory note and deed of trust in the amount of $370,350.00, secured by property located at 35115 North 138th Way, Scottsdale, Arizona, 85262. The original lender is Sierra Pacific Mortgage Services, Inc. The note and deed of trust were transferred to Federal Home Loan Mortgage Corporation, with Citi Mortgage, Inc. as the loan servicer. Mortgage Electronic Registration System assigned all beneficial interest in the deed of trust to Citi Mortgage, Inc. on April 11, 2010. Foreclosure proceedings were commenced with respect to Plaintiffs' property shortly thereafter. Michael

Bosco, Jr., as trustee, recorded a Notice of Trustee's Sale of the property on May 18, 2010. Mr. Bosco set the date of the trustee's sale for September 17, 2010.

Plaintiffs filed suit in Maricopa County Superior Court on September 16, 2010. Plaintiffs' complaint seeks injunctive and declaratory relief against the moving Defendants and raises claims for breach of contract, "payment/cancellation of mortgage loan," negligent misrepresentation, fraudulent concealment, and appraisal fraud.[1] Plaintiffs also filed an application seeking a temporary restraining order to enjoin the trustee's sale. The temporary restraining order was granted by the Maricopa County Superior Court on September 16, 2010. (Doc. 1.) The case was removed to the district court on September 29, 2010.

## II. Motion to Dismiss

Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and Citi Mortgage, Inc. moved to dismiss all of Plaintiffs' claims on October 12, 2010. (Doc. 14.) Although Plaintiffs' response to Defendants' motion to dismiss was due on October 29, 2010, no response has been filed with this Court. Failure to respond alone is grounds for the Court to grant Defendants' motion to dismiss. *See* L.R. Civ. 7.2(I). The Court finds Plaintiffs' failure to respond to Defendants' motion constitutes acquiescence to the motion being granted. Nevertheless, the Court agrees with Defendants' substantive analysis and will therefore grant Defendants' motion to dismiss on the merits. (Doc. 14.)

### A.     Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a

---

[1] Plaintiffs' seventh cause of action, for fraudulent appraisal, is asserted only against Defendant Sierra Pacific Mortgage Services, Inc. Accordingly, that claim will not be discussed in this order.

- 2 -

complaint." *Id.* at 1180. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiffs' complaint falls far short of satisfying these pleading requirements. The complaint, which is 45 pages long and, in places, incoherent, does not constitute a short and plain statement of Plaintiffs' claims. Much of the complaint consists of legal conclusions, not factual allegations. Plaintiffs do not allege facts regarding specific acts of wrongdoing by Defendants, nor do they identify which Defendants allegedly committed which acts. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiffs' complaint does not satisfy this obligation; rather, it consists of mere labels and conclusions, without any factual support for those conclusions. Because the complaint does not contain factual allegations sufficient to "raise the right of relief above the speculative level" or "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *id.*, it does not meet the requirements of Fed. R. Civ. P. 8(a) and 8(d)(1).

**B.     Rule 9(b), Federal Rules of Civil Procedure**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation marks omitted)). "While statements of the time, place and nature of the alleged fraudulent

activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks, alteration marks, and citations omitted).

Plaintiffs' causes of action for negligent misrepresentation and fraudulent concealment, Counts Five and Six, allude to fraudulent activity by Defendants, and accordingly are required to be pled with particularity under Rule 9(b). However, the complaint fails to "state the time, place, and specific content of the false representations" that is required for pleading fraud. *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiffs do not identify with particularity any factual allegations of fraudulent behavior by the Defendants, nor do Plaintiffs state when any misrepresentations occurred or the content of those misrepresentations. Plaintiffs have also failed to make any allegations specific to any Defendant identifying that Defendant's role in any fraudulent scheme; rather, the complaint impermissibly "lump[s] multiple defendants together" instead of properly "differentiat[ing] their allegations[.]" *Swartz*, 476 F.3d at 764. To the extent that Plaintiffs intended to plead a fraud claim, the Complaint does not meet the requirements of Fed. R. Civ. P. 9(b).

### C. Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

- 4 -

1  Cir. 1990). To avoid dismissal, a complaint must contain "enough facts to state a claim for
2  relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court
3  accepts as true all of the allegations in a complaint does not apply to legal conclusions or
4  conclusory factual allegations. *Ashcroft v. Iqbal*, __ U.S. __, 1949, 1951 (2009).
5  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
6  statements, do not suffice." *Id.* at 1949. "A claim has facial plausibility when the plaintiff
7  pleads factual content that allows the court to draw the reasonable inference that the
8  defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to
9  a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has
10 acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must
11 permit the court to infer more than the mere possibility of misconduct. *Id.*

12       Plaintiffs' substantive causes of actions all fail to state a claim for which relief can be
13 granted. Plaintiffs' complaint effectively seeks rescission of the loan transaction. However,
14 rescission might require the homeowner to return to the lender everything the homeowner
15 received from the lender. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir.
16 2003). The complaint does not allege that Plaintiffs have offered to return the entire amount
17 of the loan plus interest, or that Plaintiffs would be able to do so. Moreover, the complaint
18 does not allege that Plaintiffs have been evicted, their home has been sold, or they have
19 suffered any adverse consequences as a result of any misconduct by any of the Defendants.

20       Further, to the extent Plaintiffs' complaint seeks a declaration that the promissory note
21 and deed of trust are unenforceable due to a failure to produce the note, that argument is
22 without merit. Plaintiffs cite to A.R.S. § 47-3309, a U.C.C. section dealing with the
23 enforceability of negotiable instruments. However, Plaintiffs do not "cite, nor is the court
24 aware of, any controlling authority providing that the cited UCC section applies in non-
25 judicial foreclosure proceedings in Arizona." *Diessner v. Mortg. Elec. Registration Sys.*, 618
26 F. Supp. 2d 1184, 1187 (D. Ariz. 2009). Similarly, any allegations that the failure to record
27 assignments of the promissory note and deed of trust makes these instruments unenforceable
28

x

also lack merit. Plaintiff has cited no authority for the proposition that Arizona law requires the assignment of a promissory note or deed of trust to be recorded. Further, Plaintiffs' claims regarding the impact of any possible credit default swap on their obligations under the loan are premised on a misunderstanding of the meaning and effect of credit default swaps, and accordingly do not provide a basis for a claim for relief. *See Dumont v. HSBC Mortg. Corp., USA*, No. CV-10-1106-PHX-MHM, 2010 WL 3023885, at *6 (D. Ariz. Aug. 2, 2010).

Plaintiffs' claim for breach of contract also fails to state a claim for relief. Plaintiffs allege that Defendants breached the terms and conditions of the deed of trust by failing to provide notice of Plaintiffs' default and Plaintiffs' right to bring a court action related to the purported default. In order to state a claim for breach of contract, Plaintiffs must allege "the existence of the contract, its breach and the resulting damages." *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975). Plaintiffs have not alleged any damages that were suffered because of any failure to give notice, nor does it seem likely at this stage in proceedings that Plaintiffs could allege any damages; accordingly, Plaintiffs fail to state a claim for breach of contract.

Plaintiffs' claim for negligent misrepresentation also fails. To prove negligent misrepresentation, a plaintiff must show that

> 1) [Defendants], in the course of business, gave incorrect information for the guidance of others in their business transactions; 2) [Defendant] intended, or could reasonably foresee, that [Plaintiffs] would rely on that information; 3) [Defendant] failed to exercise reasonable care in obtaining or communicating that information; 4) [Plaintiffs] relied on that incorrect information; 5) [Plaintiffs'] reliance was justified; and 6] [Plaintiffs'] reliance was a cause of their damages.

*Taeger v. Catholic Family and Community Serv.*, 196 Ariz. 285, 294, 995 P.2d 721, 730 (Ariz. App. Div. 1999). Plaintiffs have alleged only that Defendants concealed information from them, not that they were provided with incorrect or false information. Without a plausible allegation the Defendants gave Plaintiffs incorrect information, there can be no claim for negligent misrepresentation. *See Dumont*, 2010 WL 3023885 at *6.

1  Plaintiffs' claim for fraudulent concealment also fails.  To prove fraudulent
2 concealment, a plaintiff must show:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Coleman v. Watts*, 87 F. Supp. 2d 944, 952 (D. Ariz. 1998).  The only action that Defendants could conceivably be viewed as having induced Plaintiffs to take would be signing the promissory note and deed of trust, an event which occurred November 5, 2008.  Plaintiffs have not alleged the materiality of any facts that were concealed from them at the time the loan was executed; accordingly, they fail to state a claim for relief for fraudulent concealment.

Finally, Plaintiffs have raised independent causes of action for injunctive and declaratory relief.  However, injunctive and declaratory relief are "remedies for underlying causes of action . . . not separate causes of action[.]"  *Silvas v. GMAC Mortgage, LLC*, No. CV-09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D. Ariz. Dec. 1, 2009) (citations omitted).  Since Plaintiffs have not sufficiently pled any underlying cause of action, they are not entitled to these equitable remedies.

For these reasons, and for the other reasons enumerated in Defendants' motion to dismiss (Doc. 14), Plaintiffs' complaint will be dismissed under Fed. R. Civ. P. 12(b)(6).

## II. Leave to Amend

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs will be given an opportunity to amend their complaint to make clear their allegations in short, plain statements.  Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs are warned that if they elect to file an amended complaint and fail to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See McHenry*, 84 F.3d at 1177

1 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

**III.   Attorneys' Fees**

Defendants request under A.R.S. §§ 12-341, 12-341.01, and 12-349 an award of attorneys' fees incurred defending against this action. It is premature to decide the extent to which Defendants have prevailed before Plaintiffs have an opportunity to amend their complaint. The fee request will accordingly be denied without prejudice to seeking fees as provided in L.R.Civ 54.2 after entry of judgment.

IT IS THEREFORE ORDERED that Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and Citi Mortgage, Inc.'s Motion to Dismiss (Doc. 14) is granted.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and Citi Mortgage, Inc.'s request for award of attorneys' fees incurred in defending against this action (Doc. 14) is denied without prejudice.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and Citi Mortgage, Inc.'s Motion for Summary Disposition (Doc. 16) is denied as moot.

IT IS FURTHER ORDERED that Plaintiffs Bruce and Cynthia Warren may file a motion to amend the Complaint and separately lodge a proposed Amended Complaint by December 10, 2010. The Clerk is directed to terminate this case without further order if

1 Plaintiff does not file a motion to amend and lodge a proposed Amended Complaint by
2 December 10, 2010.
3       DATED this 12th day of November 2010.

                                          /s/ JOHN W. SEDWICK
                                    UNITED STATES DISTRICT JUDGE