**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bruce and Cynthia Warren, | No. CV-10-02095-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sierra Pacific Mortgage Services Incorporated FN, et al., | |
| Defendants. | |

Before the Court is Defendant Sierra Pacific Mortgage Services Inc.'s ("Sierra Pacific") Motion to Dismiss (Doc. 15), Defendant Sierra Pacific's Motion to Dismiss First Amended Complaint (Doc. 28), and Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Mortgage Electronic Registration System, Inc. ("MERS"), and CitiMortgage, Inc.'s ("CitiMortgage") Second Motion to Dismiss with Prejudice (Doc. 31). For the reasons stated below, Defendants' motions to dismiss will be granted with prejudice.

**I.    Background**

On November 5, 2008, Plaintiffs executed a promissory note and deed of trust in the amount of $370,350.00, secured by property located at 35115 North 138th Way, Scottsdale, Arizona, 85262. The original lender is Sierra Pacific. The note and deed of trust were transferred to Freddie Mac, with CitiMortgage as the loan servicer. At some point, Plaintiffs fell behind on their mortgage payments. MERS assigned all beneficial interest in the deed of trust to CitiMortgage on April 11, 2010. Foreclosure proceedings were commenced with

respect to Plaintiffs' property shortly thereafter. Michael Bosco, Jr., as trustee, recorded a Notice of Trustee's Sale of the property on May 18, 2010. Mr. Bosco set the date of the trustee's sale for September 17, 2010.

Plaintiffs filed suit in Maricopa County Superior Court on September 16, 2010. Plaintiffs' original complaint sought injunctive and declaratory relief and raised claims for breach of contract, "payment/cancellation of mortgage loan," negligent misrepresentation, fraudulent concealment, and appraisal fraud. Plaintiffs also filed an *ex parte* application for a temporary restraining order to enjoin the trustee's sale. The temporary restraining order was granted by the Maricopa County Superior Court on September 16, 2010. (Doc. 1.) The September 17, 2010 trustee's sale was postponed and no subsequent trustee's sale has taken place. Defendants removed to this Court on September 29, 2010. (Doc. 1.) Freddie Mac, MERS, and CitiMortgage moved to dismiss all of Plaintiffs' claims on October 12, 2010 (Doc. 14). The Court granted Defendants' motion in its November 15, 2010 order (Doc. 17), citing Plaintiffs' failure to comply with the federal pleading rules and failure to state a plausible claim for relief.

Sierra Pacific filed a separate motion to dismiss Plaintiffs' original complaint on November 2, 2010. (Doc. 15.) Before that motion was fully briefed, Plaintiffs filed their first amended complaint. (Doc. 23.) Plaintiffs' first amended complaint listed eleven counts: Count One – Jurisdiction and Summary of Allegations; Count Two – Declaratory Judgment; Count Three – Renewed Request for Injunctive Relief; Count Four – Breach of Contract and Lack of Authority to Act as Agent; Count Five – Violation of Statute; Count Six – Assignment to the Multi-District Litigation; Count Seven – Fraud; Count Eight – Absence of Agency/Lack of Authority to Non-Judicially Foreclose Plaintiffs' Deed of Trust; Count Nine – Bifurcation/Splitting of the Promissory Note and Deed of Trust Barring Defendants from Attempting to Non-Judicially Foreclose Sierra Pacific's Beneficial Interest in Plaintiffs' Home Mortgage Loan; Count Ten - The Conclusive Presumption of Compliance with Title 33, Chap. 6.1 is Unconstitutional as Applied as a Violation of the Separation/Distribution of

- 2 -

Powers Doctrine Contained in Art. 3 and Art. 4, Pt. 2, Section 19(5) of the Constitution of the States (*sic*) of Arizona; and Count Eleven – Breach of Contract. (Doc. 23.) All Defendants filed new motions to dismiss Plaintiff's first amended complaint. (Docs. 28, 31.)

## II. Legal Standards

### A. Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . . , yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### B. Rule 9(b), Federal Rules of Civil Procedure

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context

- 3 -

of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotations, alterations, and citations omitted).

### C. Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

### III. Sierra Pacific's Motions to Dismiss

Sierra Pacific filed a motion to dismiss Plaintiffs' original complaint on November 2, 2010. (Doc. 15.) However, Plaintiffs did not file a response to Sierra Pacific's motion to dismiss. Instead, pursuant to this Court's November 15, 2010 order (Doc. 17) dismissing Defendants Freddie Mac, MERS, and CitiMortgage, Plaintiffs filed an amended complaint against all Defendants on December 13, 2010 (Doc. 23). Sierra Pacific thereafter filed a

- 4 -

1  motion to dismiss the amended complaint (Doc. 28) wherein it acknowledged that its original
2  motion to dismiss was moot.  Accordingly, the Court will dismiss Sierra Pacific's original
3  motion to dismiss (Doc. 15) as moot.

4         In their amended complaint, Plaintiffs have failed to plead any plausible causes of
5  action against Sierra Pacific.  None of the five counts directed at Sierra Pacific constitutes
6  a legitimate, independent legal cause of action.  Count One is simply a recitation of the basis
7  for this Court's jurisdiction and a summary of the allegations against Defendants. To the
8  extent Count One can be read as a separate cause of action, Plaintiffs have alleged that
9  Defendants

> ...have failed to follow the contractually required two-part notice procedure prescribed in §22 of the Deed of Trust which requires, first, giving notice of default and opportunity to cure, and second, giving notice of intent to exercise the trustee's power of sale along with notice to the borrowers of their "RIGHT TO BRING A COURT ACTION (emphasis added) to assert the non-existence of a default or any other defense of borrower to acceleration and sale" which failure constitutes a breach of the contract between the parties represented by the Deed of Trust....

14  (Compl. ¶ 37).  In order to state a claim for breach of contract, a plaintiff must allege the
15  existence of a contract between the plaintiff and defendant, a breach of the contract by the
16  defendant, and resulting damage to the plaintiff.  *See Chartone, Inc. v. Bernini*, 207 Ariz.
17  162, 170, 83 P.3d 1103, 1111 (Ariz. App. Ct. 2004).  Plaintiffs have failed to and cannot at
18  this time allege damages stemming from this alleged breach of the deed of trust.  Here,
19  Plaintiffs claim that the May 18, 2010 Statement of Breach or Non Performance "was served
20  upon Plaintiffs after May 18, 2010 . . . giving Plainitffs no time within which to cure any
21  alleged default in making payments under the Note" and that the notice did not contain the
22  "required information regarding the Plaintiffs' right to bring a court action" challenging the
23  sale.  (Compl. ¶ 10).  In this case, the non-judicial foreclosure originally scheduled for
24  August 17, 2010 did not occur. Because the foreclosure did not occur as scheduled, Plaintiffs
25  did not suffer damages from Defendants' alleged breach of notification obligations under the
26  deed of trust; such damages would arise only if foreclosure occurred without the required
27  notice.  As Plaintiffs exercised their rights to bring suit challenging the foreclosure sale and
28

- 5 -

have had time to cure their default, they have failed to allege any damages arising from any purported breach of notification obligations. *See Dumont v. HSBC Mortg. Corp., USA*, No. CV10-1106-PHX-MHM, 2010 WL 3023885 (D. Ariz. Aug. 2, 2010)

Counts Two and Three request declaratory and injunctive relief, but, as this Court previously noted, Plaintiffs cannot plead independent causes of action for injunctive and declaratory relief because these are "remedies for underlying causes of action . . . not separate causes of action[.]" *Silvas v. GMAC Mortg., LLC*, No. CV-09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D. Ariz. Dec. 1, 2009) (citations omitted). Since Plaintiffs have still failed to sufficiently plead any underlying cause of action, they are not entitled to these equitable remedies. Count Six simply requests that Plaintiffs' claims regarding the creation and legality of the MERS system be joined in the multi-district litigation pending before Judge Teilborg. Reassignment of a claim to multi-district litigation is not a legal cause of action and certainly does not constitute a claim against Sierra Pacific.

Finally, Count Ten is a preemptive challenge to the constitutionality of A.R.S. § 33-811(B). Plaintiffs assert that if their residence is sold at a trustee's sale and the purchaser is issued a trustee's deed, then the purchaser may, in any future action that Plaintiffs might bring to invalidate the trustee's sale, rely on a conclusive presumption of compliance with the requirements for a trustee's sale under A.R.S. § 33-811(B). Plaintiffs allege that this conclusive presumption would be unconstitutional as applied to any trustee sale of their property because, based on their other allegations regarding the illegitimacy of the MERS system and the allegedly improper assignment of their deed of trust, any trustee's sale of their property is unauthorized. Such a claim is not yet ripe since no trustee's sale of the property has occurred. Further, Plaintiffs offer no authority to support their contentions regarding MERS, which provides the foundation for their purported constitutional claim. Finally, such a claim is not properly directed at Sierra Pacific, which does not have any interest in the deed of trust and accordingly can have no part in a non-judicial foreclosure of the property.

There is also no merit to the argument, made in Plaintiffs's response, that Sierra Pacific's motion to dismiss must be treated as a motion for summary judgment because it relies on documents outside the pleadings. Sierra Pacific's motion to dismiss is well-founded and based on arguments stemming solely from the face of Plaintiffs' amended complaint. The only attachments to Sierra Pacific's motion to dismiss are letters from Sierra Pacific's counsel to Plaintiffs' counsel regarding Sierra Pacific's attempts to be voluntarily dismissed from this action. This correspondence does not reflect on the merits of the motion to dismiss and instead goes to the propriety of an award of attorney's fees. Further, the documents which Plaintiffs attached to their response as support for their assertion that Sierra Pacific's motion to dismiss should be treated as a motion for summary judgment, including the deed of trust, notice of trustee's sale, assignment of deed of trust, and substitution of trustee, are documents upon which their own amended complaint relies, and would accordingly be properly considered on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Plaintiffs are thus not entitled to any discovery or other relief under Fed. R. Civ. P. 56(f), which is only applies to motions for summary judgment.

Because none of the causes of actions pled against Sierra Pacific states a claim for which relief can be granted, Sierra Pacific's Motion to Dismiss First Amended Complaint (Doc. 28) will be granted with prejudice.

**IV.  Freddie Mac, MERS, and CitiMortgage's Motion to Dismiss**

Counts One, Two, Three, Six and Ten also fail to state any claim for relief against Freddie Mac, MERS, and CitiMortgage for the same reasons, as discussed above, that they fail to state a claim against Sierra Pacific. The remaining counts against Freddie Mac, MERS, and CitiMortgage also fail to state any plausible claims for relief.

While Plaintiffs' complaint is often unclear, verbose, confusing, and fails to comply with the requirements of Fed. R. Civ. P. 8(a), most of Plaintiffs' allegations seem to be premised on variations of the "show me the note" theory and allegations about the assignment of the note and deed of trust. Count Four asserts claims of breach of contract and

- 7 -

lack of authority to act as an agent on the grounds that Freddie Mac, MERS, and CitiMortgage were not properly assigned any interest in Plaintiffs' deed of trust or promissory note and thus had no authority to appoint Michael Bosco, Jr. as an agent and successor trustee to non-judicially foreclose on the deed of trust. In Count Eight—"Absence of Agency/Lack of Authority to Non-Judicially Foreclose Plaintiffs' Deed of Trust"—Plaintiffs again assert that, because Defendants have not presented evidence of the chain of title to the note and deed of trust, no Defendant has authority to conduct a trustee's sale of the property. In Count Nine, Plaintiffs claim that because the promissory note and deed of trust were separated, Defendants are barred from conducting a trustee's sale of the property. Plaintiffs have offered the Court no relevant, controlling authority to support any of these claims. Rather, non-judicial trustee's sales are controlled by the rules enumerated in A.R.S. § 33-801 – § 33-821, and do not require production of the note and deed of trust or that the note and deed of trust remain together. *See Kane v. Bosco*, No. CV10-1787-PHX-JAT, 2010 WL 4879177 (D. Ariz. Nov. 23, 2010). This Court previously dismissed Plaintiffs' claims similarly premised on the "show me the note" theory (Doc. 17), just as the District of Arizona has generally rejected the "show me the note" theory and related arguments. *See, e.g.*, *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009). Accordingly, Counts Four, Eight, and Nine will be dismissed for failure to state any claim for relief.

Count Five, which is pled against CitiMortgage only, alleges that the notice of substitution of trustee was improper under A.R.S. § 33-804(D). Under A.R.S. § 33-804, a beneficiary may appoint a successor trustee at any time, and a notice of substitution of trustee "shall be sufficient if acknowledged by all beneficiaries under the trust deed or their agents . . . ." Plaintiffs claim that MERS is listed as a beneficiary under the deed of trust, but that it did not sign the notice of substitution of trustee and that therefore the notice of substitution of trustee was invalid. Accordingly, Plaintiffs claim CitiMortgage's agent, Michael Bosco,

- 8 -

1  Jr., did not have authority to record the notice of trustee's sale. However, Plaintiffs'
2  contention here hinges on its unsupported challenge to the legitimacy and authority of the
3  MERS system and its speculative assertion that MERS did not have authority to assign the
4  deed of trust to CitiMortgage, arguments which have repeatedly been rejected by district
5  courts in the District of Arizona. *See, e.g., Kane*, 2010 WL 4879177, at *12 (citing
6  *Cervantes v. Countrywide Home Loans, Inc.*, No. CV09-517-PHX-JAT, 2009 WL 3157160
7  (D. Ariz. Sept. 24, 2009)). Plaintiffs have not provided any factual support for its contention
8  that MERS was not authorized to transfer its beneficial interest in the deed of trust to
9  CitiMortgage. As the beneficiary of the deed of trust, a CitiMortgage agent did sign the
10 notice of substitution of trustee as required under A.R.S. § 33-804(D). Count Five therefore
11 fails to state a claim for relief and will be dismissed.
12         Count Seven, entitled "Fraud," is alleged against MERS only. Plaintiffs here claim
13 that 1) Sierra Pacific never transferred its interest in the promissory note to MERS, Freddie
14 Mac, or CitiMortgage as required under the U.C.C.; and 2) the assignment of deed of trust,
15 signed by Kim Krakoviak as a vice president of MERS, was fraudulent because Ms.
16 Krakoviak did not have authority to sign the assignment of deed of trust. The Court has
17 already dismissed claims based on the premise that the U.C.C. controls non-judicial
18 foreclosure sales (Doc. 17), an assertion which is unfounded and for which Plaintiffs provide
19 no support. With respect to the fraud claim, to prevail on a cause of action for fraud in
20 Arizona, nine elements must be shown: "1) a representation; 2) its falsity; 3) its materiality;
21 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) the speaker's intent that
22 it be acted upon by the person and in a manner reasonably contemplated; 6) the hearer's
23 ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his
24 consequent and proximate injury." *Wagner v. Casteel*, 136 Ariz. 29, 31, 663 P.2d 1020, 1022
25 (1983) (citation omitted). Here, Plaintiffs have merely put forward broad allegations and
26 legal conclusions without any of the factual specificity that is required to plead a fraud claim.
27 Such speculative assertions about lack of authority do not meet the particularity requirement
28

- 9 -

for pleading fraud under the federal rules. Accordingly, Count Seven also fails to state a claim for relief.

Finally, Count Eleven pleads a breach of contract claim for Defendants' purportedly unauthorized securitization of Plaintiffs' home mortgage loan. Plaintiffs have cited no authority for their assertion that securitization has any impact on their obligations under the loan, and district courts in Arizona have rejected similar arguments. *See, e.g.*, *Colonial Savs., FA v. Gulino,* No. CV09-1635-PHX-GMS, 2010 WL 1996608 (D. Ariz. May 19, 2010). Count Eleven thus also fails to state a claim for relief.

**V.     Leave to Amend**

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs have already been given the opportunity to file an amended complaint to properly plead any causes of action they have against Defendants. Nonetheless, Plaintiffs' First Amended Complaint does not cure the deficiencies of their initial complaint and still fails to state any plausible claim for relief against any of the Defendants. With the benefit of the extended oral argument that was heard on the motions on April 21, 2001, the Court is satisfied that further amendment would be futile. Plaintiffs' broad attack on MERS has already been rejected by this Court, Plaintiffs acknowledged that they had no additional facts to plead to support a fraud claim if given leave to amend, and, as discussed above, even if the notice of the trustee's sale did not properly inform Plaintiffs of their right to challenge the sale, any such deficiency is harmless as Plaintiffs have retained counsel and had the

- 10 -

opportunity to raise their claims in this Court before the trustee's sale has been conducted. For these reasons, further leave to amend will not be granted. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

### III.     Attorney's Fees

Sierra Pacific requests an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 11. Freddie Mac, MERS, and CitiMortgage request attorney's fees and costs under the terms of the contract and A.R.S. §§ 12-341, 12-341.01, and 12-349. The Court does not now decide whether attorney's fees and costs should be granted. Rather, Defendants may pursue attorney's fees and costs as provided in L.R.Civ 54.2 after entry of judgment or under Fed. R. Civ. P. 11(c)(2).

IT IS THEREFORE ORDERED that Defendant Sierra Pacific Mortgage Services, Inc. FN's Motion to Dismiss (Doc. 15) is denied as moot.

IT IS FURTHER ORDERED that Defendant Sierra Pacific Mortgage Services, Inc. FN's Motion to Dismiss First Amended Complaint (Doc. 28) is granted with prejudice.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration System, Inc., and Citi Mortgage, Inc.'s Motion to Dismiss First Amended Complaint With Prejudice (Doc. 31) is granted.

///

///

///

IT IS FURTHER ORDERED that the Clerk shall enter judgment dismissing Plaintiffs' First Amended Complaint (Doc. 23) with prejudice. The Clerk shall terminate this case.

DATED this 22nd day of April, 2011.

                                            */s/ Neil V. Wake*
                                            Neil V. Wake
                                          United States District Judge